FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2014 JAN 15 P 5: 48

CLERK'S OFFICE
AT BALTIMORE

BY____

| | | |
|---|---|---|
| CLARENCE A. ADAMS | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-13-555 |
| FEDERAL BUREAU OF PRISONS | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Pending in the above-captioned petition for writ of habeas corpus is respondent's motion to dismiss or for summary judgment. ECF No. 24. Although petitioner was advised of his right to file a response in opposition and of the consequences of failing to do so (ECF No. 25), he has filed nothing further in this case. Resolution of this matter does not require an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, the petition shall be denied.

### Background

Petitioner Clarence Adams ("Adams"), an inmate committed to the custody of the Federal Bureau of Prisons (BOP), claims he was improperly denied early release from prison after he participated in a Residential Drug Abuse Program (RDAP). ECF No. 1 and 9. Adams was convicted of possession with intent to distribute cocaine in the United States District Court for the Western District of North Carolina and sentenced to serve 115 months with three years of supervised release. ECF No. 24 at Attachment A.

Adams was screened for eligibility for participation in RDAP and early release. ECF No. 24 at Attachment C. While Adams was determined to be eligible to participate in RDAP, it was also determined that he was not eligible for early release because his offense involved the

carrying, possession, or use of a firearm and the nature of his offense presented a serious potential risk of physical force against the person or property of another. *Id.* Adams takes issue with this determination because there was no gun present on his person or in his vehicle at the time he was arrested. ECF No. 1 at p. 1. He further claims the offense for which he was convicted was a non-violent crime and the "gun enhancement" involved a gun found in a house that was not his. ECF No. 9 at p. 8. Adams claims he should not be held accountable for the weapon since he was not present at the time the gun was found and has no idea where the gun was found. *Id.* He states he should be given the full benefit of the one-year early release under RDAP. *Id.*

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

## Analysis

Under 18 U.S.C. § 3621, the BOP "shall make available appropriate substance abuse

treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Prisoners convicted of non-violent offenses who successfully complete a treatment program may have their remaining period of confinement reduced by up to one year. *See* 18 U.S.C. § 3621(e)(2)(B). Otherwise, prisoners who successfully complete an RDAP shall remain in the custody of the BOP under such conditions deemed appropriate. *See* 18 U.S.C. § 3621(e)(2)(A).

The RDAP consists of three phases: 1) the unit-based residential program; 2) the institution transition phase, and 3) the community transitional services phase. 28 C.F.R. §§ 550.56 - 550.59. Successful completion of the program requires completion of each of the three phases; at that point, the inmate becomes eligible for incentives including early release. *Id.*

The first phase of the RDAP is the residential unit-based component. *See* Program Statement 5330.10, *Drug Abuse Programs Manual – Inmate*, Ch. 5, Residential Drug Abuse Treatment Programs, www.bop.gov. This phase is comprised of a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population. *Id.* The residential component of the treatment program lasts a minimum of 500 hours, over a six to twelve-month period. *See* 28 C.F.R. § 550.56. Upon successfully completing the residential component, and if time allows, inmates enter the second phase which is the institution transitional services component. *See* Program Statement 5330.10, *Drug Abuse Programs Manual - Inmate*, Chapter 7, Transitional Services, www.bop.gov. During the second phase, inmates are given counseling support while they transition back into general population at the facility. *Id.* The third phase of the RDAP is community-based transitional services. *Id.* In the final phase of the program, inmates participate in drug treatment programs and receive counseling support in a

community-based program to facilitate transition back into their respective communities. *Id.*

Participation in the RDAP is strictly voluntary, *see* 28 C.F.R. § 550.56, but in order to encourage participation in the program, the BOP offers a number of incentives to inmates, which include financial awards, consideration for the maximum period of time at a community corrections facility, and assignment to preferred living quarters. *See* 28 C.F.R. § 550.57. Once an eligible inmate successfully completes the residential drug abuse treatment program, he "may be eligible . . . for early release by a period not to exceed 12 months." 28 C.F.R. § 550.58. However, successful completion of Phase I, the residential drug abuse treatment program, does not result in early release. Rather, the inmate then enters Phase II, institutional transitional drug treatment services programming. 28 C.F.R. § 550.59. Finally, the ultimate incentive may be provided an eligible inmate after successfully completing all phases of the treatment program. That is, an inmate may be eligible for early release, but only if he "completes all applicable transitional services in a community-based program." 28 C.F.R. § 550.58(a)(3)(I).

The regulation pertinent to Adams's claim provides in part:

> An inmate who was sentenced to a term of imprisonment pursuant to [the Sentencing Guidelines] for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> > (a) Additional Early Release Criteria
> > (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmate are not eligible for early release:
> > * * * * * * *
> > (vi) Inmates whose current offense is a felony:
> >
> > * * * * * * * * * * * * * * *
> > (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or

4

explosive device) . . .

28 CFR § 550.58.

The BOP has been empowered by Congress to exercise its discretion in determining which inmates may receive early release under 18 U.S.C. § 3621(e)(2)(B). In the exercise of that discretion, the BOP "must balance Congress's twin goals of providing an incentive for certain prisoners to undergo drug treatment while at the same time protecting the public from potentially violent criminals." *Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999). The program statement developed for the RDAP incentive of early release lists specific offenses to be considered violent and includes a conviction or a sentence enhancement for possession of a firearm in connection with the commission of a drug offense. *See id., see also* 28 C.F.R. § 550.58. It is undisputed that Adams's sentence was enhanced for possession of a firearm. "While the Bureau of Prisons' definition of a crime of violence may not be consistent with court interpretations of 18 U.S.C. § 924(c)(3), it is, nevertheless, a permissible and reasonable interpretation of the statute from which the Bureau derived its authority." *Pelissero* at 447.

Moreover, the determination that Adams does not qualify for early release is an exercise of the BOP's discretion pursuant to 18 U.S.C. § 3621 and is not subject to judicial review. The promulgation of the policy statement[1] implementing the early release incentive is an "internal agency guideline that has not been subjected to the rigors of notice and comment rulemaking." *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2001). While policy statements are not given the force of law, they are entitled to deference. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000). An agency's interpretation of a statute, such as the BOP's program statement at issue here, is afforded deference when it has the "power to persuade" as defined by the Supreme Court in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

---

[1] *See* Policy Statement 5162.05, *Categorization of Offenses*, www.bop.gov.

5

> We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*Id.*

The BOP's program statement specifying that prisoners such as Adams whose sentences were enhanced for possession of a firearm during the commission of a drug offense was upheld by the Fourth Circuit in *Pelissero* when it noted that the regulation would be upheld "so long as it implement[s] the congressional mandate in a reasonable manner." *Pelissero*, 170 F.3d at 447, (citing *Snowa v. C.I.R.*, 123 F.3d 190, 197 (4th Cir. 1997)). Further, the Supreme Court found the BOP exclusion of prisoners who had prior involvement with firearms in connection with the commission of a felony from early release a reasonable conclusion that "suggests [the prisoner's] readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Lopez v. Davis*, 531 U.S. 230, 244 (2001).

Respondent asserts, and Adams does not dispute, that the denial of early release in his case rests on BOP's discretion to prescribe additional early release criteria and not on the definition of "crimes of violence." ECF No. 24 at p. 18. Adams was determined to be ineligible because the sentence for his current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon." *Id.* at Ex. 1C. Adams has no constitutional right to early release or participation in rehabilitation programs. *See Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976), *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). To the

extent Adams is asserting that the sentencing enhancement was improperly imposed by the sentencing court, his claim must be raised in the appropriate court through a motion to vacate pursuant to 28 U.S.C. § 2255 and may not be considered here.

The petition for writ of habeas corpus fails to state a claim upon which relief may be granted. Accordingly, the unopposed motion to dismiss or for summary judgment shall be granted by separate order which follows.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C.§ 2253(c)(2).

January 15, 2014　　　　　　　　　　　　　　　　　　／s／ James K. Bredar
Date　　　　　　　　　　　　　　　　　　　　　　　　James K. Bredar
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge